UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD R. STALCUP,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No. C06-5101RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**June 2nd, 2006**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  When the court reviewed the petition it appeared the petition was time barred by the one year statute of limitations imposed under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action

ORDER- 1

in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state direct appeal process was concluded at the latest December 31st, 1999.

An order to show cause was entered and petitioner has responded. (Dkt. # 4). Petitioner argues the case of Aprendi v. New Jersey, 530 U.S. 466 (2000), applies retro actively. He cites Reynolds v. Cambria, 136 F.Supp 2d. 1071 (C.D. Cal 2001). (Dkt. # 4, page 2). Reynolds was reversed on appeal. See, Reynolds v, Cambria, 290 F.3rd 1029 (9th Cir. 2002).

The Ninth Circuit has held Aprendi does not apply retroactively. Rees v. Hill, 286 F.3rd 1103 (9th Cir. 2002). This petition is time barred. The court recommends **DISMISSAL** of this petition as time barred.

### CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 2nd, 2006**, as noted in the caption.

Dated this 8th day of May, 2006.

           */S/ J. Kelley Arnold*
           J. Kelley Arnold
           United States Magistrate Judge

ORDER- 2